UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMIE SEELEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02347-TWP-MPB |
| | ) | |
| FALCONER, | ) | |
| J. NWANNUNU, | ) | |
| R. SCHILLING, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motions for Assistance with Recruiting Counsel Without Prejudice**

Plaintiff, Jamie Seeley, has filed two motions for assistance recruiting counsel. Dkts 34, 41. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt

to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; ; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Plaintiff has attempted to contact multiple attorneys with requests for representation without success. Dkt. 41-1 at 2. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance.  He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

The facts of this case are relatively straightforward: Mr. Seeley contends defendants delayed acquiring a new prosthetic sleeve when he arrived at New Castle Correctional Facility. Mr. Seeley complained that the sleeve he was provided did not fit, but defendants delayed acquiring him a new one. Mr. Seeley states that he has a limited education and he does not know the Federal Rules of Civil Procedure or the Federal Rules of Evidence. However, most *pro se*

litigants share similar characteristics, and up to this point, Mr. Seeley's filings have been legible and comprehensible. He understands the English language, and he has shown himself capable of communicating the facts of this case. *See* Dkt. 1-1. At this stage, there is a motion for summary judgment pending, and all Plaintiff is being asked is to respond to the facts and arguments presented by Defendants. Accordingly, Plaintiff's motions for assistance with recruiting counsel, dkts. [34] and [41], are **denied without prejudice**.

The **clerk is directed** to send Plaintiff a motion for assistance recruiting counsel form, which he must use if he chooses to renew his motion. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

Given the Court's ruling here, Plaintiff shall file his response to Defendants' motion for summary judgment **no later than November 28, 2022**.

**SO ORDERED.**

Date: 10/31/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMIE SEELEY
282540
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

All Electronically Registered Counsel